UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRIE SHEPPARD, As Administratrix of the Estate of ALJIA SHEPPARD, JR., Deceased, | ) ) ) ) | CASE NO. 5:17-cv-2640 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | |
| LIBERTY MUTUAL INSURANCE, *et al.*, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| DEFENDANTS. | ) | |

Before the Court is the unopposed motion to dismiss party Centers for Medicare and Medicaid Services ("CMS") filed by the same. (Doc. No. 5 ["Mot."].) CMS moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.

CMS is a division of the United States Department of Health and Human Services. 42 U.S.C. § 1395kk. As such, CMS is protected by sovereign immunity and "'is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941)).

"Only Congress can waive immunity, but 'waivers of federal sovereign immunity must be unequivocally expressed in the statutory text.'" *S. Rehab. Grp., P.L.L.C. v. Sec'y of Health and Human Servs.*, 732 F.3d 670, 676 (6th Cir. 2013) (quoting *United States v. Idaho ex rel. Dir., Idaho Dept. of Water Res.*, 508 U.S. 1, 6, 113 S. Ct. 1893, 123 L. Ed. 2d 563 (1993)). "[W]hen Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be

lightly implied." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287, 103 S. Ct. 1811, 75 L. Ed. 2d 840 (1983) (citations omitted).

The Medicare Act is one example of Congress' conditional waiver of sovereign immunity. *See* 42 U.S.C §§ 1395ff(b)(1) & 1395ii (incorporating 42 U.S.C. §§ 405(g) &(h)). Specifically, "Congress provided a limited waiver of sovereign immunity in the Medicare Act" when the following elements are met:

> (1) claimants are required to have presented their claims to the Secretary; (2) claimants must exhaust their administrative remedies resulting in a final decision; and (3) claimants are barred from raising federal question claims that are "inextricably intertwined" with their claim for benefits.

*S. Rehab. Grp., P.L.L.C.*, 732 F.3d at 678.

Because Sheppard alleges no facts to establish these elements, she has failed prove that CMS' sovereign immunity has been waived. *See Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (citation omitted) (stating the plaintiff bears the burden of proving subject matter jurisdiction with respect to waiver). Therefore, because CMS has not consented to be sued here, this Court does not have jurisdiction over CMS and it must be dismissed as a party to this action.

Further, since CMS removed this action under 28 U.S.C. § 1442 and it is no longer a party, the remaining state law claims are remanded to state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (stating that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice[,]" but holding the court had discretion to remand the state-law claims to state court as opposed to dismissing the claims outright).

In sum, CMS' motion to dismiss itself as party to this action under Rule 12(b)(1) is GRANTED. The case is remanded to the Summit County Common Pleas for further proceedings.

**IT IS SO ORDERED.**

Dated: July 23, 2018

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**